22-2786-cv
*Nolan v. Western Regional Off Track Betting Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

Present:

> JOHN M. WALKER, JR.,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

MICHAEL NOLAN,

*Plaintiff-Appellant*,

v.                                                                                          22-2786-cv

WESTERN REGIONAL OFF TRACK BETTING CORPORATION, RICHARD D. BIANCHI, individually and in his capacity as Chairman of the WROTB Board of Directors, HENRY WOJTASZEK, individually and as President of WROTB,

*Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | EDWARD P. YANKELUNAS, Tiveron Law PLLC, Amherst, NY |
| For Defendants-Appellees: | AARON M. SAYKIN (Joshua I. Feinstein, Matthew K. Parker, *on the brief*), Hodgson Russ LLP, Buffalo, NY |

1

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Michael Nolan appeals from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *District Judge*), entered on October 13, 2022, granting Defendants-Appellees' motion to dismiss his complaint. On August 12, 2021, Nolan filed the complaint against his former employer, Defendant-Appellee Western Regional Off Track Betting Corporation ("WROTB") and two of its officials, alleging primarily that they had retaliated against him for engaging in whistleblowing activities that were protected by the First Amendment. Nolan brought a claim under 42 U.S.C. § 1983, as well as various state law claims. The district court dismissed Nolan's Section 1983 claim as time-barred. The court found that the claim accrued on April 30, 2019, and applied the statute of limitations for claims against WROTB established by the New York Racing, Pari-Mutuel Wagering and Breeding Law, which is one year and ninety days. *See* N.Y. Rac. Pari-Mut. Wag. & Breed. Law § 514. Factoring in the tolling rules governing all statutes of limitation in New York under an executive order spurred by COVID-19, the district court concluded that Nolan needed to bring his Section 1983 claim by December 31, 2020, making his August 2021 complaint untimely. The district court then declined to exercise supplemental jurisdiction over the remaining state law claims, dismissing those claims without prejudice. We assume the parties' familiarity with the case.

2

On appeal, Nolan argues—and Defendants-Appellees do not contest—that the district court applied the incorrect statute of limitations to his Section 1983 claim. We agree. We review *de novo* a district court's grant of a motion to dismiss, as well as "its interpretation and application of a statute of limitations." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). It is well settled that, "in New York, the statute of limitations for Section 1983 claims is New York's general statute of limitations for personal injury actions . . . which is three years." *Kane v. Mount Pleasant Cent. Sch. Dist.*, No. 21-2995, 2023 WL 5281533, at *4 (2d Cir. Aug. 17, 2023) (citing N.Y. C.P.L.R. § 214(5)); *see Okure v. Owens*, 816 F.2d 45, 49 (2d Cir. 1987), *aff'd*, 488 U.S. 235 (1989). The three-year statute of limitations applies to all Section 1983 claims arising in New York, regardless of the defendant's identity. *See Okure*, 816 F.2d at 47 ("[T]he choice of a limitations period should be singular and applied uniformly in order to approximate, though imperfectly, the numerous and diverse claims catalogued under section 1983."). Applying the correct three-year statute of limitations, Nolan's August 2021 complaint was timely because he alleges retaliatory conduct beginning in 2019. Accordingly, the district court erroneously dismissed Nolan's Section 1983 claim on statute-of-limitations grounds.

Defendants-Appellees urge us to affirm the district court's dismissal on other grounds that the district court did not decide—for example, that Nolan has failed to state a Section 1983 claim for First Amendment retaliation under Federal Rule of Civil Procedure 12(b)(6). As "[w]e are a court of review, not of first view," however, we leave to the district court to consider in the first instance Defendants-Appellees' alternative grounds for dismissal. *Havens v. James*, 76 F.4th 103, 123 (2d Cir. 2023) (internal quotations marks omitted).

\*     \*     \*

For the reasons stated above, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk